STATE ex LEDMAN v GUYTON, etc.

Ohio Appeals, 3rd Dist., Allen Co
No 519.  Decided April 9, 1930

Henderson & Durbin, Lima, for State ex.

Gilbert Bettman, Attorney General and Thomas Herbert, Special counsel for Public Utilities Commission.

Eugene A. Lippincott, Lima, and A. M. Rodgers, Lima, for Guyton.

CROW, J.

Defendant has demurred to plaintiff's said pleading, on the ground that it fails to state a cause of action.

Although defendant has not specially raised the point, it is readily apparent that the absence of an allegation of timely objection by relator, to the exercise of jurisdiction, leaves the pleading fatally defective, under the decisions in **117 OS. 481** and **118 OS. 637**, inasmuch as for aught that appears in the pleading, the motion therein referred to "to discharge this relator", pertained to matters wholly exclusive of any claim of disqualification by reason of pecuniary interest.

The demurrer was argued by all counsel as only presenting the question of disqualification of relator to hear and determine the affidavit, because of such pecuniary interest in the outcome, as would bring him within the decision of the Supreme Court of the United States in the case of Ed Tumey v. State of Ohio, 173 United States Supreme Court Reports, 510.

We shall not add any extended comment to the numerous views so many of which are regrettably inharmonious, already expressed by judges of courts of inferior jurisdiction, concerning the doctrine and scope of the Tumey case, but we do not hesitate to say it is unmistakable authority for the proposition that where a criminal charge is made before a magistrate empowered to decide the charge either in favor of, or against, the accused, and the magistrate has by law, a direct and pecuniary interest in deciding the charge against the accused, such interest disqualifies the magistrate if timely objection be made by the accused.

Defendant's jurisdiction of the matter set forth in the affidavit involved herein, existed by virtue of **13422 GC**, not being within the terms of **13423 GC** as those Sections then stood; and the procedure so far as is material to our present inquiry, is governed chiefly by **13511** and **13513, GC.**

They provide that when there is no plea of guilty, the magistrate shall inquire into the complaint, if it appear that an offense has been committed and there is probable cause to believe the accused to be guilty, the magistrate shall order the accused to enter into a recognizance with good and sufficient surety in such amount as may be deemed just, for the appearance of the accused at the proper time and before the proper court; otherwise the accused shall be discharged from custody.  If the offense charged be a misdemeanor and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, the latter may render final judgment.

Inasmuch as relator did not waive a jury and submit to be tried by the magistrate, we need look no further than to ascertain whether, upon a hearing before respondent which would, as we have shown, necessarily be confined to determining whether probable cause existed to believe the accused guilty of the offense set forth in the affidavit, the fees of the magistrate would become directly and substantially dependent on his decision.

No statute has been cited by counsel, and we have not found any, possessing that effect.

Noticing some which were mentioned in the briefs, we find that under **3016 GC**, the fees of a justice of the peace, upon conviction of a felony, are to be inserted in the judgment of conviction and when collected, are to be disbursed by the clerk; and in minor cases, such fees are likewise to be inserted in the judgment of conviction, and when collected disbursed to the persons entitled; and in all cases when recognizances are taken, forfeited and collected, the amount recovered shall be paid into the county treasury, and if no conviction be had, the magistrate's costs shall be paid by the county upon the allowance of the county auditor.

**Section 3019 GC,** empowers the county commissioners to make an allowance to a

justice of the peace in lieu of fees in felonies wherein the state fails and in misdemeanors wherein defendant proves insolvent. Such allowance to not exceed one hundred dollars during the calendar year, and to be pro-rated if there be more than one incumbent.

Section 3020 GC, makes the allowance subject to certain limitations which are of no moment herein.

The magistrate could not have a direct and substantial pecuniary interest in reaching his conclusion in a case such as the one in controversy herein, where a recognizance would be taken by the magistrate, or subsequently, upon forfeiture of such recognizance, for the reason that the fees of the magistrate could not be paid without the allowance of the county auditor.

Concerning the fees in felony cases where conviction fails, and in misdemeanor cases wherein defendant proves insolvent, covered by 3019 GC, it is sufficient to say that the trial for felony must necessarily have been preceded by indictment with which the magistrate could have no possible direct conection, and the misdemeanors mentioned in that Section, must be held to mean those where conviction resulted from a trial, or upon an admission of guilt.

There being no statute under which the magistrate could derive a direct and substantial pecuniary interest as the result of his decision, so far as concerned the relator, the doctrine of the Tumey case does not apply and there is no principle of law otherwise enunciated which would render defendant ineligible to ascertain whether relator should be held to another court to answer the offense charged against him.

It follows that the demurrer must be sustained.

Before Judges Hughes, Justice & Crow.